IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSANDRA ELIZABETH FREE and WILLIAM BRETT FREE, individually and as the Natural Parents and Next of Friend of ANDREW BRADY FREE, deceased minor child, | ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NO. 6:22-167-RAW |
| vs. | ) ) ) |
| (1) MALIBU BOATS, INC.; (2) MALIBU BOATS HOLDINGS, LLC; (3) MALIBU BOATS, LLC; and (4) MALIBU BOATS WEST, INC., | ) ) ) ) ) |
| Defendants. | ) |

**MALIBU BOATS, INC; MALIBU BOATS HOLDINGS, LLC; AND
MALIBU BOATS, LLC.'S ORIGINAL ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW, Defendants MALIBU BOATS, INC; MALIBU BOATS HOLDINGS, LLC; and MALIBU BOATS, LLC, hereinafter referred to as "Defendants", by and through their attorneys of record, Robert A. Bragalone, Robert B. Houston and GORDON REES SCULLY MANSUKHANI, LLP and file this Original Answer to Plaintiffs' First Amended Complaint and would show unto the Court as follows:

Pursuant to Rule 8(b)(3) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants generally deny each and every allegation contained in the Complaint except those expressly admitted below.

## JURISDICTION AND VENUE

1. Defendants are without sufficient knowledge to either admit the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint, therefore they are denied.

2. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint, therefore they are denied.

3. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint, therefore they are denied.

4. Defendants admit that Defendant MALIBU BOATS, INC. is sued in its proper name, but otherwise deny the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendants admit that Defendant MALIBU BOATS HOLDINGS, INC. is sued in its proper name, but otherwise deny the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendants admit that Defendant MALIBU BOATS, LLC Is sued in its proper name, but otherwise deny the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendants admit that Defendant MALIBU BOATS WEST, INC. is sued in its proper name, but otherwise deny the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendants deny the allegations contained within Paragraph 8 of Plaintiffs' First Amended Complaint.

9. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint, therefore they are denied.

10. Defendants admit the allegation contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendants admit the allegation contained in Paragraph 11 of Plaintiffs' First Amended Complaint.

12. Defendants admit the allegation contained in Paragraph 12 of Plaintiffs' First Amended Complaint.

## OPERATIVE FACTS

13. No response is necessary to Paragraph 13 of Plaintiffs' First Amended Complaint.

14. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint, therefore they are denied.

15. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint, therefore they are denied.

16. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint, therefore they are denied.

17. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint, therefore they are denied

18. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint, therefore they are denied.

19. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint, therefore they are denied.

20. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint, therefore they are denied.

21. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint, therefore they are denied.

22. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint, therefore they are denied.

23. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint, therefore they are denied.

24. Defendants deny the allegations contained within Paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendants deny the allegations contained within Paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendants deny the allegations contained within Paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendants deny the allegations contained within Paragraph 27 of Plaintiffs' First Amended Complaint.

28. Defendants deny the allegations contained within Paragraph 28 of Plaintiffs' First Amended Complaint.

29. Defendants deny the allegations contained within Paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendants deny the allegations contained within Paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendants deny the allegations contained within Paragraph 31 of Plaintiffs' First Amended Complaint.

1281347/71242715v.1

5

32. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint, therefore they are denied.

33. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint, therefore they are denied.

34. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint, therefore they are denied.

35. Defendants deny the allegations contained within Paragraph 35 of Plaintiffs' First Amended Complaint.

36. Defendants deny the allegations contained within Paragraph 36 of Plaintiffs' First Amended Complaint.

37. Defendants deny the allegations contained within Paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendants deny the allegations contained within Paragraph 38 of Plaintiffs' First Amended Complaint.

39. Defendants deny the allegations contained within Paragraph 39 of Plaintiffs' First Amended Complaint.

40. Defendants deny the allegations contained within Paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendants deny the allegations contained within Paragraph 41 of Plaintiffs' First Amended Complaint.

42. Defendants deny the allegations contained within Paragraph 42 of Plaintiffs' First Amended Complaint.

## THE EVENTS OF JUNE 6, 2020

43. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint, therefore they are denied.

44. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint, therefore they are denied.

45. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint, therefore they are denied.

46. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint, therefore they are denied.

47. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint, therefore they are denied.

48. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint, therefore they are denied.

49. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint, therefore they are denied.

50. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint, therefore they are denied.

51. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint, therefore they are denied.

52. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint, therefore they are denied.

53. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint, therefore they are denied.

1281347/71242715v.1

54. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint, therefore they are denied.

55. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint, therefore they are denied.

56. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint, therefore they are denied.

57. Defendants deny the allegations contained within Paragraph 57 of Plaintiffs' First Amended Complaint.

58. Defendants deny the allegations contained within Paragraph 58 of Plaintiffs' First Amended Complaint.

59. Defendants deny the allegations contained within Paragraph 59 of Plaintiffs' First Amended Complaint.

60. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint, therefore they are denied.

61. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint, therefore they are denied.

62. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint, therefore they are denied.

## FIRST CLAIM FOR RELIEF
## MANUFACTURER'S PRODUCTS LIABILTY – STRICT LIABILITY
## ALL DEFENDANTS

63. No response is necessary to Paragraph 63 of Plaintiffs' First Amended Complaint.

64. Defendants deny the allegations contained within Paragraph 64 of Plaintiffs' First Amended Complaint.

65. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint, therefore they are denied.

66. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint, therefore they are denied.

67. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint, therefore they are denied.

68. Defendants deny the allegations contained within Paragraph 68 of Plaintiffs' First Amended Complaint.

69. Defendants deny the allegations contained within Paragraph 69 of Plaintiffs' First Amended Complaint.

70. Defendants deny the allegations contained within Paragraph 70 of Plaintiffs' First Amended Complaint.

## SECOND CLAIM FOR RELIEF
## WRONGFUL DEATH/NEGLIGENCE
## ALL DEFENDANTS

71. No response is necessary to Paragraph 71 of Plaintiffs' First Amended Complaint.

72. Defendants deny the allegations contained within Paragraph 72 of Plaintiffs' First Amended Complaint.

73. Defendants deny the allegations contained within Paragraph 73 of Plaintiffs' First Amended Complaint.

74. Defendants deny the allegations contained within Paragraph 69 of Plaintiffs' First Amended Complaint.

75. Defendants deny the allegations contained within Paragraph 75 of Plaintiffs' First Amended Complaint.

### THIRD CLAIM FOR RELIEF
### SURVIVAL ACTION
### ALL DEFENDANTS

76. No response is necessary to Paragraph 76 of Plaintiffs' First Amended Complaint.

77. Defendants deny the allegations contained within Paragraph 77 of Plaintiffs' First Amended Complaint.

78. Defendants deny the allegations contained within Paragraph 78 of Plaintiffs' First Amended Complaint.

### FOURTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### ALL DEFENDANTS

79. No response is necessary to Paragraph 79 of Plaintiffs' First Amended Complaint.

80. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint, therefore they are denied.

81. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint, therefore they are denied.

82. Defendants deny the allegations contained within Paragraph 82 of Plaintiffs' First Amended Complaint.

83. Defendants deny the allegations contained within Paragraph 83 of Plaintiffs' First Amended Complaint.

**PRAYER FOR RELIEF**

84. Plaintiffs' PRAYER FOR RELIEF does not require a response.

**AFFIRMATIVE DEFENSES**

85. Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim for which relief can be granted and Defendants are entitled to judgment as a matter of law.

86. Under Oklahoma law, when one company sells or otherwise transfers its assets to another company, the successor is not liable for the debts and liabilities of the seller. Thus, Plaintiffs' claims are barred, in whole or in part, as to Defendants as they are not successors in liability to named Defendant Malibu Boats West, Inc.

87. Plaintiffs' injuries were not directly caused or contributed to by the actions of Defendants, but intervening causes and/or persons.

88. Defendants complied with all applicable federal, state and local laws and regulations at all relevant times.

89. Plaintiffs' claims did or may have resulted from product abuse, product misuse and/or product modification and alteration.

90. Plaintiffs' allegations of injuries and expenses arising from or related to the death of Andrew Free were caused, in whole or in part, by the acts and omissions of another or others whose conduct Defendants are not responsible for nor had control over, including those of the Plaintiffs.

91. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

92. Any product allegedly manufactured by Defendants was not defective in any respect therefore Plaintiffs may not recover from Defendants.

1281347/71242715v.1

93. Defendants exercised the degree of care required by law as to the Plaintiffs and the manufacturing and marketing of the alleged defective boat therefore Plaintiffs may not recover from Defendants.

94. Defendants did not breach any duty to warn the Plaintiffs and/or the deceased.

95. Oklahoma courts have specifically rejected the adoption of the "product–line" doctrine, which provides that where one company acquires all or substantially all of the manufacturing assets of another company, and undertakes essentially the same manufacturing operation as the selling company, the purchasing corporation is strictly liable for injuries caused by defects in units of the same in units of the same product line, even if previously manufactured and distributed by the selling company or its predecessors. Thus, Plaintiffs' claims are barred, in whole or in part, as to Defendants whether or not they are successors in liability to named Defendant Malibu Boats West, Inc.

96. Plaintiffs' claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of these Defendants.

97. Plaintiffs' damages are not the proximate result of any alleged act or failure to act of Defendants and, therefore, Plaintiffs are not entitled to recover from these Defendants.

98. There is no basis in law or fact for Plaintiffs to seek or recover punitive damages against Defendants.

99. For further answer or defense, Defendants state that the facts of this case do not warrant a punitive damage instruction.

    a. Consideration of any punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Oklahoma Constitution in that:

1281347/71242715v.1

      i.      Consideration of punitive damages in this action would allow standard less discretion to the jury to determine punishment, depriving Plaintiffs and Defendants of prior notice of the consequences of their alleged actions.

      ii.      The admission of any evidence directly to the jury concerning Plaintiffs' or Defendants' assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages.

      iii.      Punitive damages by their very nature constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" – not merely "clear and convincing evidence" or a "preponderance of the evidence."

    b.    An award of punitive damages, if allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon this Defendant.

    c.    Punitive damages are punishment, a quasi-criminal sanction, for which Defendants are not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution and the Oklahoma Constitution.

    d.    In the alternative, Defendants assert the applicability of any punitive damages caps statute including 23 O.S. § 9.1.

    e.    Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North American, Inc. v. Gore*,

517 U.S. 559, 134 L.Ed.2d 809 116 S.Ct. 1589 (1996), and *State Farm Mutual Automobile Company v. Campbell*, 123 S.Ct. 1513 (2003).

100.  Defendants hereby reserve the right to supplement their affirmative defenses at any time prior to trial.

October 10, 2022.                    Respectfully submitted,

**GORDON & REES**

*[signature]*

**ROBERT A. BRAGALONE, OBA #31898**
BBragalone@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, TX  75201
Phone:  (214) 231-4714 (Direct Dial)
Fax:  (214) 461-4053

**ROBERT B. HOUSTON, OBA #14751**
BHouston@grsm.com
101 Park Avenue, Suite 1300
Oklahoma City, OK  73102
Phone: (405) 808-5420 (Direct Dial)
Fax: (214) 461-4053

**ATTORNEYS FOR DEFENDANTS MALIBU BOATS, INC.; MALIBU BOATS HOLDINGS, LLC; AND MALIBU BOATS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on October 10, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.  Any other counsel of record or unrepresented party will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Ben Houston*
Robert B. Houston

1281347/71242715v.1