IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASSANDRA ELIZABETH FREE and WILLIAM BRETT FREE, individually and as the Natural Parents and Next of Friend of ANDREW BRADY FREE, deceased minor child, | ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NO. 6:22-cv-00167-RAW-JAR ) JUDGE RONALD A. WHITE ) ) |
| vs. | ) JURY TRIAL DEMANDED ) |
| MALIBU BOATS, LLC; MALIBU BOATS HOLDINGS, LLC; MALIBU BOATS, INC.,; and MALIBU BOATS WEST, INC., | ) ) ) ) ) |
| Defendants. | ) |

## JOINT STATUS REPORT

JURY DEMANDED:      X   Yes      ___ No

Pursuant to Federal Rules of Civil Procedure 26(f) meeting was held on 5/29/2023 at 10:00am. Plaintiffs appearing by counsel, Guy A. Fortney, and Defendants appearing by counsel, Robert B. Houston.

I. *Summary of Claims:* Plaintiffs, Cassandra and William Free, individually and as natural parents and next of friend of Andrew Brady Free, a deceased minor child, bring claims for the wrongful death of their child against Malibu Boats, LLC; Malibu Boats, Inc.; and Malibu Boats West, Inc. under theories of product liability for a failure to warn and manufacturing/design defect; negligence and a survival action. Andrew Brady Free died on June 6, 2020 after he succumbed to carbon monoxide poisoning while sitting in the "Rear Passenger Seats" where he was exposed to fatal levels of carbon monoxide without detection or warning.

II. *Summary of Defenses:* Defendants deny liability and rely on all applicable factual and legal defenses as set forth in its Answer and discovery responses, including the following:

   a. Abnormal Use or Misuse
   b. Comparative Negligence or Fault
   c. Extended Use/Lapse of time
   d. State of Art
   e. Material Changes to Product
   f. Lack of Causation
   g. Deny punitive damages are warranted

III.   Motions Pending:      *None.*

IV.     Are Dispositive Motions Anticipated?     *If so, describe them.*

  Yes – on the issues of corporate liability and successor liability.

V.      Stipulations:

  a.  Jurisdiction Admitted:        X   Yes       _____No, Explain:
  b.  Venue Appropriate:            X   Yes       _____No, Explain:
  c.  Facts: Cassandra Elizabeth Free and William Brett Free are the natural parents of Andrew Brady Free; Andrew Brady Free was 9 years old at the time of his death on June 6, 2020; and Cassandra Elizabeth Free and William Brett Free are the owners of a 20' Malibu Response manufactured on or about January, 1997 in Loudon, Tennessee (Hull ID No. US-MB2P7233A797, Serial No. P7233).
  d.  Law: Plaintiffs' claims arise under general theories of negligence, products liability under *Kirkland v. Gen. Motors Corp.,* 1974 OK 52, 521 P.2d 1353 and its progeny cases. Plaintiffs' action for wrongful death and damages arises under 12 O.S. § 1053 et seq.  Plaintiffs also allege negligent infliction of emotional distress on behalf of Cassandra Elizabeth Free and William Brett Free.

VI.     **Fed. R. Civ. P. 26 Discovery Plan**: The parties jointly propose to the Court the following discovery plan: (Use separate paragraphs or subparagraphs as necessary if parties disagree.)

  Have initial disclosures under Rule 26(a)(1) been exchanged *and filed*?
  X    Yes       _____No, Explain:

  *Note: Plaintiff shall submit a calculation of every category of damages requested.*

  Note that pursuant to Rule 26 and this Order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the court of any nondisclosure so that the issue can be promptly resolved. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

  If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed?
  X    Yes       _____No, Explain:

  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the court's local rules?
  _____ Yes    X    No, Explain:

  Discovery will be needed on the following subjects:  All relevant issues as determined by FRCP 26.

  Should discovery be limited at this time to any particular subject matters or issues?

    _____ Yes   _X_   No, Explain:

Phased Discovery requested *(If requested, the in-person Joint Status Conference cannot be waived)*:
    _____ Yes   _X_   No, Explain:

All discovery commenced in time to be completed by     _3/29/2024_
Discovery on_____(*issue for early discovery*)
to be completed by_____.

Maximum of [per FRCP 33]_____interrogatories by each party to any other party. Responses due [per FRCP 33]_____days after service.
Maximum of [per FRCP 33]_____requests for admission by each party to any other party. Responses due [per FRCP 33]_____days after service.

Maximum of _20_ depositions by plaintiff(s) and _20_ by defendant(s).

Each deposition (other than of_____)
limited to maximum of [per EDOK LCvR 30.1(b)] hours unless extended by agreement of parties.

Is there a need for any other special discovery management orders by the court?
    _____ Yes   _X_   No, Explain:

Estimated number of days required for trial:  _7 to 10 days_.

VII.    All parties consent to trial before Magistrate Judge?    \_\_\_\_\_ Yes   _X_   No

*If you mark "yes", you will be deemed to have consented to the jurisdiction of the assigned United States Magistrate Judge without the necessity for the filing or submission of any other documentation. The United States Magistrate Judge will exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).*

*If you mark "no", the case will immediately be reassigned to a United States District Judge.*

VIII.    Settlement Plan    **(Check one)**

    a.  \_\_ Settlement Conference Requested after_____ 20\_\_\_\_.

    b.  _X_ Other ADR: (Explain)  _Parties will engage in a private mediation on or before 2/29/2024._

IX.    Do the parties request that the Court hold a Scheduling Conference?
    _X_ Yes   \_\_\_\_ No

The Court has set a scheduling conference for June 29, 2023 at 10:00 a.m.

*If the parties consent to the United States Magistrate Judge under Section VII and do not request a Scheduling Conference, the Court will issue a Scheduling Order based on the information contained in this Joint Status Report and no Scheduling Conference will be conducted, unless otherwise ordered by the Court.*

Read and Approved by:

| | |
|---|---|
| /s/ Guy A. Fortney | /s/ Robert B. Houston |
| Clark O. Brewster - OBA #1114 | Robert A. Bragalone, OBA #31898 |
| Guy A. Fortney, OBA #17027 | BBragalone@grsm.com |
| Montgomery L. Lair, OBA #17546 | Phone: (214) 231-4714 (Direct Dial) |
| Brewster & De Angelis, PLLC | Fax: (214) 461-4053 |
| 2617 East 21st Street | Robert B. Houston, OBA #14751 |
| Tulsa, OK 74114 | BHouston@grsm.com |
| Phone: (918) 742-2021 | Phone: (405) 808-5420 (Direct Dial) |
| Via Email: | Fax: (214) 461-4053 |
| cbrewster@brewsterlaw.com | Gordon Rees Scully Mansukhani, LLP |
| gfortney@brewsterlaw.com | 101 Park Avenue, Suite 1300 |
| mlair@brewsterlaw.com | Oklahoma City, OK  73102 |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |